## SERVICE UPON THE STATE IN PROSECUTIONS FOR MISDEMEANORS.

Court of Appeals for Hamilton County.

SAMUEL STRYK v. STATE OF OHIO.

Decided, February 20, 1915.

*Criminal Law—Proceedings in Error in Misdemeanor Cases—Service on the Attorney for the Prosecuting Witness Insufficient to Bring the State Into Court.*

In the prosecution of error proceedings in an action by a wife against her husband for failure to provide for their minor child, service of summons in error upon the attorney representing the wife or waiver of service by him does not give the reviewing court jurisdiction, and the state can be brought into court only by service on or waiver of service by the prosecuting attorney or some one duly authorized by him to act in that behalf.

*Harry Hess,* for plaintiff in error.
*Jos. L. Meyer,* contra.

GORMAN, J.

This is a proceeding in error to reverse the judgment of the court of common pleas, which affirmed a judgment of the municipal court of Cincinnati in the above entitled cause.

Prosecution was commenced in the municipal court of Cincinnati against the plaintiff in error Samuel Stryk by his wife charging him with failure to provide under the statute. The affidavit charging the plaintiff in error with the violation of the statute was filed in the municipal court on the 3d of August, 1914, and therein it charged the said Stryk with the violation of Section 12970, General Code, which in substance provides that whoever having the control of or being the parent or guardian of a child under the age of sixteen years abandons such child * * * or negligently fails to furnish it necessary and proper clothing and shelter, shall be fined not less than ten dollars or more than two hundred dollars or imprisoned not more than six

months, or both.    Therefore it will be seen that the offense charged was misdemeanor.

Upon the trial in the municipal court the plaintiff in error, Stryk, was found guilty and ordered to pay to the Ohio Humane Society the sum of eight dollars per week for the proper support of his minor child, Ester Stryk.    Motion for a new trial was made, and overruled, and a bill of exceptions was prepared, filed and signed in due form by Judge Bell of the municipal court.  A petition in error was thereupon prepared by counsel for plaintiff in error, the caption of which was "The Court of Appeals, Hamilton County.   Samuel Stryk, Plaintiff in Error, versus State of Ohio, Defendant in Error."    The petition in error was signed by Mr. Hess, counsel for plaintiff in error, and duly verified by plaintiff in error, Samuel Stryk.

It appears that before the petition in error was filed with the clerk of the court of appeals a waiver was signed, upon the back of the petition, as follows:   "The defendant in error by the prosecuting attorney, Joseph L. Meyer, hereby waives the issue and service of summons in error in the above entitled action, and enters appearance therein.   State of Ohio, by Joseph L. Meyer, Attorney."   When the petition in error was brought to the court house by counsel for plaintiff in error, he learned that error would not lie from the municipal court to the court of appeals, and he thereupon changed the caption of his petition in error by striking out "Court of Appeals" and substituting therefor "Common Pleas Court of Hamilton County, Ohio" and filed the petition in error together with the transcript of the docket and journal entries and original papers of the municipal court, with the clerk of the court of common pleas, leave having been given to file petition in error by one of the judges of the court of common pleas.    There was also filed with the papers an acknowledgment by Joseph L. Meyer as attorney for the state of Ohio, of the notice of the filing of a petition in error, but this notice was also captioned "Court of Appeals" and before filing it with the clerk was changed to "Common Pleas Court of Hamilton County" and the record discloses that Mr. Meyer was not apprised of the change in the caption of the petition in error or the acknowledgment of the notice of filing petition in error.

The case came on to be heard in the court of common pleas, and various motions were made to dismiss the error proceeding on the ground that the state of Ohio, the defendant in error, was not properly in court, not served with summons in error or a waiver. The court of common pleas overruled all the preliminary motions, and upon hearing affirmed the judgment of the municipal court, and error is now prosecuted from the court of common pleas to this court seeking to reverse that judgment.

In this court there was filed with the petition in error a transcript of the docket and journal entries of the common pleas court, together with all the original papers and transcript of the docket and journal entries and the bill of exceptions from the municipal court.

Upon the filing of the petition in error in this court on December 23, summons in error was issued directed to the sheriff of Hamilton county, commanding him to notify the state of Ohio that the plaintiff in error had filed a petition in error in this court. This summons in error was served upon Joseph L. Meyer as attorney for the state of Ohio. When the case was argued in this court by counsel for plaintiff in error and Joseph L. Meyer, suggestion was made to the court that there was no jurisdiction to hear and determine this case because the state of Ohio had not been served with summons in error, nor was there a waiver of service on the part of the state of Ohio.

The Legislature, in February, 1914 (104 O. L., 187), among other things amended the act creating the municipal court of the city of Cincinnati so as to confer jurisdiction on the common pleas court to hear and determine proceedings in error prosecuted from the municipal court, whereas theretofore the original act provided for the prosecution of error to the Court of Appeals of Hamilton County. The act creating the municpal court of the city of Cincinnati together with the amendments thereto, provides the method of prosecuting error. Section 26 (104 O. L., 187) among other things provides that proceedings in error may be taken to the Court of Common Pleas of Hamilton County from a final judgment or order of the municipal court of Cincinnati in the same manner and under the same conditions as provided by law for proceedings in error from the court of

common pleas to the Court of Appeals of Hamilton County. * * * The review of all cases other than civil actions and proceedings shall be had in the manner provided for review of actions and proceedings in which a judgment for more than three hundred dollars has been granted.'' By the provisions of the sixth section of the original act creating said court (103 O. L., 280), a municipal court is given jurisdiction in criminal matters and prosecution for misdemeanors or violation of ordinances as heretofore had by the police court of Cincinnati. By Section 8 of the act, page 281 of 103 Ohio Laws, it is provided that municipal court shall have jurisdiction of all misdemeanors and of all violations of city ordinances of which police courts in municipalities now have or may hereafter be given jurisdiction. And again, by the provisions of Section 13 of said act, page 283, it is provided that in all criminal cases and proceedings the practice and procedure and mode of bringing and conducting prosecutions for offenses, and the powers of the court in relation thereto, shall be the same as those which are now, or may hereafter be, possessed by police courts in municipalities unless otherwise provided herein.

It is therefore clear that the municipal court of Cincinnati had jurisdiction of this prosecution and that the methods of procedure should have been the same therein as theretofore had in the police court of the city of Cincinnati.

By the provisions of Sections 4306 and 4307, General Code, the city solicitor shall be the prosecuting attorney of the police court, and shall prosecute all cases brought before that court, and as far as they are applicable thereto, perform the same duties as required by the prosecuting attorney of the county. He may designate one of his assistants to act as prosecuting attorney of the police court.

It would therefore appear that ample provision has been made for the prosecution of misdemeanors and crimes in the municipal court of the city of Cincinnati by virtue of the foregoing provisions referred to, which in substance provide that the procedure, methods and practice had in the police court shall be the same in the municipal court; and it was therefore the duty of the prosecuting attorney of the police court or the solicitor or

assistant solicitor of the city of Cincinnati to attend to this prosecution. While there might be no objection to the attorney for the prosecuting witness appearing and assisting, nevertheless the law does not recognize such an attorney as representing the state. There was no power or authority in Joseph L. Meyer to appear on behalf of the state, or to represent the state of Ohio either in the municipal court or the court of common pleas, nor yet in this court, as will be seen by reference to the statute.

The court is therefore of the opinion that the state of Ohio was not before the court of common pleas in this proceeding in error because of the absence of the summons in error, and because of the failure of the prosecuting attorney either of the police court or of Hamilton county to waive the issuance and service of summons in error.

In any event, the waiver of Mr. Meyer of the issuance of the summons in error to the court of appeals would not be a waiver of the issuance of the service of summons in error without his consent in the common pleas court, if the caption had been changed without his knowledge and consent, as appears to have been done. By the provisions of Section 13751, General Code, amended in 103 O. L., 434, in a criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court may be reviewed in the common pleas court.

Section 13753, General Code, provides that a proceeding to review such a judgment shall be by petition in error, to which shall be attached such transcript and any original papers received by the clerk. This same method of proceedings in error is to be pursued when error is prosecuted in a criminal case from the court of common pleas to the court of appeals.

Section 13754, General Code, provides that when such petition in error and precipe are filed in a criminal case (whether in the common pleas court or the court of appeals) a summons in error returnable in ten days shall be issued by the clerk thereof unless a judge thereof prescribe another day for such return. Such summons shall be directed to the sheriff of the county in

which the judgment was rendered, and it shall contain such description of the judgment as to identify it, recite the fact that a petition in error has been filed, command the sheriff to notify the prosecuting attorney of the time it will be for hearing, and if original papers are required, command the sheriff to notify the officer in whose possession they are, to forward them to such clerk, etc.

Now in the case at bar there was no summons in error issued out of the common pleas court and no service made upon either the prosecuting attorney of the county, or, if we assume that the prosecuting attorney of the municipal court could exercise the functions of the prosecuting attorney of the county, no service was had upon him. The waiver of Joseph L. Meyer on behalf of the state of Ohio was entirely unauthorized and was not sufficent to bring the state of Ohio within the jurisdiction of the court of common pleas; so that in the opinion of the court, the common pleas court had no jurisdiction of the state of Ohio, and could not therefore proceed to hear and determine proceedings in error prosecuted from the municipal court of Cincinnati.

The same situation was presented to this court. While summons in error was issued out of this court on the petition in error, it did not require the sheriff to notify the prosecuting attorney of Hamilton county, as provided by Section 13754, General Code; and in the opinion of this court no other person was authorized to act on behalf of the state of Ohio. The prosecuting attorney might under certain circumstances designate somebody to act on behalf of the state. Nothing of that kind was done in this case, nor is it claimed that it was done. Joseph L. Meyer, so far as the record shows, acted merely as counsel for the prosecuting witness, Dora Stryk.

It was held by the Supreme Court in the case of *Nichols* v, *State*, 71 O. S., 335, that a prosecuting attorney may effectively waive the issuance and service of summons in error, and enter the appearance of the state by a proper endorsement for that purpose upon a petition in error filed for the reversal of a conviction for crime or misdemeanor.

Inferentially, therefore, it must be presumed that no other person, in the absence of authority in the statute, had the power

or the authority to waive the issuance and service of summons in error, nor could any other person be served with summons in error. The service of the summons in error issued out of this court upon Joseph L. Meyer had no more effect in bringing the state of Ohio into this court than if the summons in error had been served upon any other stranger to the record.

In civil actions it would be held necessary to issue summons in error in order to bring the proper party before the court, unless there was a waiver. *R. R. Co.* v. *Anbach,* 55 O. S., 553; *Andress* v. *Greenfelter,* 9 C.C.(N.S.), 446; *Robinson* v. *Orr,* 16 O. S., 284.

We hold that the same rule should apply in criminal cases. It would appear, therefore, that this court has no jurisdiction of the State of Ohio and can not proceed to hear and determine the questions of error raised, if any, which were committed either in the common pleas court or the municipal court of Cincinnati, and the only action that can be taken in this case at this time is to strike the petition in error from the files.

The court can not say whether or not there was error in the proceedings in the municipal court, but is strongly of the opinion that the court of common pleas acquired no jurisdiction in error for the same reason that this court has no jurisdiction at this time.

The judgment of the court is that the petition in error and the original papers and bill of exceptions shall be stricken from the files, and this the court does upon its own motion, for as we understand the law it is the duty of a court whenever it appears, at any stage of the proceedings, that it has no jurisdiction either of the person or of the subject matter, to proceed no further with the hearing of the cause or proceeding, but to strike the pleadings and papers from the files, and this it may do *sua sponte.*

The entry should be made accordingly.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.